IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| RICHARD HILL, SR., | CV 16-00090-H-DLC-JTJ |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| DR. KOHUT, et al., | |
| Defendants. | |

Plaintiff Richard Hill filed a Complaint pursuant to 42 U.S.C. § 1983

alleging claims of excessive use of force, denial of medical care, denial of equal

protection, discrimination on the basis of race, and state law claims of medical

negligence. The Court conducted a screening of the Complaint pursuant to 28

U.S.C. §§ 1915, 1915A and determined that the Complaint failed to state a claim

upon which relief may be granted and was subject to dismissal. Mr. Hill has now

filed an amended complaint but he failed to correct the deficiencies described in

the Court's prior Order. This matter should be dismissed.

## I.  STATEMENT OF THE CASE

### A.      Parties

Mr. Hill is a state prisoner proceeding without counsel and in forma

pauperis.  He is currently incarcerated at Montana State Prison ("MSP").  In his

Amended Complaint, he names the following Defendants:  Officer Rowling, Dr.

Kohut MD, P.A. Henderson, and Cathy Redfern.  (Amd. Complaint, Doc. 12 at 3.)

### B.  Allegations

Mr. Hill does not provide many additional facts in his Amended Complaint.

As set forth in both complaints, between December 1, 2014 and December 15,

2016, Mr. Hill was incarcerated in the MDIU unit of MSP.  He is diabetic and

during a time of low blood sugar he fell off his top bunk while trying to get some

help.  He alleges he should have never been placed on an upper bunk in light of

his diabetes.  He injured himself in the fall, suffering major damage to his leg and

knee.  In his original Complaint, he alleged that he was given surgery and four

physical therapy treatments four months after his surgery.

On February 12, 2015, Mr. Hill was on crutches and was on his way to

school.  As he was walking through an electronic door, Officer Rowling walked

away from the control panel and Mr. Hill was shut in the door causing injury to his

neck, left shoulder, and the left part of his chest near his heart.  (Amd Complaint,

Doc. 12 at 4-5.)

Mr. Hill alleges in his Amended Complaint that his initial injuries were

serious enough but the Court should take note of "medical staff's denial of care,

2

failure to carry out medical recommendation for surgery and other specialized

medical care and procedures for which plaintiff had received from medical

professionals at the emergency room as well as the denial of medications which

were also prescribed by these medical doctors.  And physical therapy." (Amd.

Complaint, Doc. 12 at 5.)

## II.  SCREENING

Mr. Hill is a prisoner proceeding in forma pauperis so the Court must

review his Amended Complaint under 28 U.S.C. §§ 1915, 1915A.  Sections

1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in

forma pauperis and/or by a prisoner against a governmental defendant before it is

served if it is frivolous or malicious, fails to state a claim upon which relief may be

granted, or seeks monetary relief from a defendant who is immune from such

relief.

### A.  Excessive Use of Force

The Court analyzed Mr. Hill's claims regarding the February 12, 2015

incident when he was shut in the door as a claim of use of excessive force in

violation of the Eighth Amendment.  The core judicial inquiry in an excessive

force case is "whether force was applied in a good-faith effort to maintain or

restore discipline, or maliciously and sadistically to cause harm." *Hudson v.*

*McMillian*, 503 U.S. 1, 6-7 (1992); *Whitley v. Albers*, 475 U.S. 312, 320-21

(1986).  The Court previously stated that an intentional act of shutting an inmate in

an electronic door would be sufficient to state a claim for excessive force.  But Mr.

Hill still does not allege an intentional act.  In his Amended Complaint, he only

alleges that Officer Rowling negligently closed him in the block security door.

(Amd. Complaint, Doc. 12-1 at 5.)  "[I]njuries inflicted by governmental

negligence are not addressed by the United States Constitution."  *Daniels v.*

*Williams*, 474 U.S. 327, 333 (1986).

As such, Mr. Hill has failed to state a federal claim of excessive use of force

under the Eighth Amendment.

## B.  Deliberate Indifference to Safety

In his Amended Complaint, Mr. Hill alleges the placement officer was

deliberately indifferent to his safety when he housed him on an upper bunk

knowing Mr. Hill's medical condition.  Mr. Hill, however, has not named the

placement officer as a Defendant in this action and he does not connect these

actions to any named Defendant.  These allegations are insufficient to state a claim

for federal relief.

## C.  Denial of Medical Care

To state an arguable section 1983 claim for failure to provide medical care,

a prisoner must allege that a defendant's "acts or omissions [were] sufficiently harmful to evidence a deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Toussaint v. McCarthy*, 801 F.2d 1080, 1111 (9th Cir. 1986).

Mr. Hill failed to correct the deficiencies in his medical care claims as discussed in the Court's prior Order.  Again, the documents attached to his Complaints, indicate that he received an x-ray of his knee at the Deer Lodge Medical Center on November 12, 2014, had an MRI of his knee on March 26, 2015, and an MRI of his cervical spine at the Big Sky Diagnostic Imaging on March 2, 2016.  He has provided no more factual allegations to support his conclusory allegation that Dr. Kohut, PA Henderson, and Cathy Redfern failed to provide him adequate medical care.

It is still unclear what additional care Mr. Hill believes he should have received.  Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006)(*citing McGuckin*, 974 F.2d at 1060).  Mr. Hill has made no such showing.

In addition, Mr. Hill does not provide specific allegations against the named defendants.  He alleges Dr. Kohut, Dr. Henderson, and Cathy Redfern have not

given him adequate medical care but he provides no factual allegations on what

these individuals may have done, what they were responsible for, what they failed

to do, or how they denied Mr. Hill adequate medical care.  Mr. Hill was advised in

the Court's prior Order that in order to make a claim that an individual defendant

violated his constitutional rights, he must make specific factual allegations

regarding what each defendant did or did not do.  He did not make any such

allegations in his Amended Complaint.

Mr. Hill has failed to state a federal claim regarding the alleged denial of

medical care.

### D.  Equal Protection

Mr. Hill makes the same allegations of denial of equal protection in his

Amended Complaint as in his original complaint.  His allegations are insufficient.

"The Equal Protection Clause of the Fourteenth Amendment commands that no

State shall 'deny to any person within its jurisdiction the equal protection of the

laws,' which is essentially a direction that all persons similarly situated should be

treated alike." *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 472 U.S. 432, 439

(1985)(citation omitted).

Mr. Hill alleges in his Amended Complaint that he believes that some

degree of the deliberate indifference to his safety was either racially or politically

motivated because other inmates have been struck while exiting the block while

this officer (presumably Officer Rowling) was running the control cage.  (Amd.

Complaint, Doc. 12-1 at 5-6.)  But just because other inmates may have been

struck by the door does not establish that Mr. Hill was treated differently because

he is black–in fact it suggests the opposite.

This allegation is "not entitled to the assumption of truth" because it

"amount[s] to nothing more than a 'formulaic recitation of the elements' of a

constitutional" claim.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 681 (2009).

### E.  State Law Claims

The Court construes Mr. Hill's filings as raising both federal and state law

claims.  Given the recommendation to dismiss Mr. Hill's federal claims, the Court

should decline to exercise supplemental jurisdiction over Mr. Hill's state law

claims.

If a federal district court has dismissed all claims over which it has original

jurisdiction, it may, in its discretion, dismiss without prejudice supplemental state

law claims brought in the same action.  28 U.S.C. § 1367(c)(3); *see Acri v. Varian*

*Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc).  Several factors are

considered in determining whether the Court should continue to exercise its

jurisdiction over state law claims.  These factors include economy, convenience,

fairness, and comity in deciding whether to retain jurisdiction over pendent state claims. *Carnegie—Mellon Univ. v. Cohill*, 484 U.S. 343, 353 (1988). Although the Court is not required to dismiss the supplemental state law claims, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie—Mellon Univ.*, 484 U.S. at 350 n.7.

Here, the *Carnegie—Mellon* factors weigh in favor of dismissal. It is recommended that Mr. Hill's federal claims be dismissed, the case has not been served on Defendants, and discovery has not yet begun. Judicial economy thus weighs against continuing to exercise supplemental jurisdiction in this case. Nor do the comity and fairness factors weigh in favor of exercising supplemental jurisdiction since "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Therefore, the Court recommends that Mr. Hill's state law claims be dismissed without prejudice subject to his pursuing those claims in state court pursuant to 28 U.S.C. § 1367(d).[1]

---

[1]Title 28 U.S.C. § 1367(d) provides: "The period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the

## III.  CONCLUSION

The Court has considered whether Mr. Hill's Amended Complaint is frivolous, malicious, fail to state a claim, or seek solely monetary relief from a defendant who is immune.  *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b).  Mr. Hill's allegations fail to state a plausible federal claim upon which relief may be granted.

Although Mr. Hill need not set forth detailed factual allegations, the Court has previously advised him that he must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).  A pleading that merely alleges "naked assertion[s] devoid of further factual enhancement" is insufficient.  *Iqbal*, 556 U.S. at 678 (alteration in original, internal quotation marks omitted).  Further, as the Supreme Court has made clear, if a "complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  *Id.* (internal quotation marks omitted).  These defects in Mr. Hill's claims were explained by the Court in its prior Order.  Mr. Hill was given an opportunity to provide

---

claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period."

additional factual allegations and he did not provide any additional facts.

Given his attempt at amendment, it is now clear that Mr. Hill is unable to

cure the deficiencies of his federal civil rights claims by amendment and that

granting him further leave to amend would be futile.  The Court therefore

recommends that the case be dismissed without further leave to amend for failure

to state a federal claim.  *See, e.g., Gonzalez v. Planned Parenthood of L.A.*, 759

F.3d 1112, 1116 (9th Cir. 2014) (explaining that a "district court's discretion in

denying amendment is particularly broad when it has previously given leave to

amend"); *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of

a pro se complaint without leave to amend is proper only if it is absolutely clear

that the deficiencies of the complaint could not be cured by amendment.").

Based upon the foregoing, the Court issues the following:

## RECOMMENDATIONS

1.  Mr. Hill's federal claims should be DISMISSED for failure to state a

federal claim upon which relief may be granted.

2.  The Court should decline to exercise supplemental jurisdiction over any

state law claims and all state law claims should be DISMISSED WITHOUT

PREJUDICE pursuant to 28 U.S.C. § 1367(c)(3).

3.  The Clerk of Court should be directed to close this matter and enter

judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil

Procedure.

4.  The Clerk of Court should be directed to have the docket reflect that the

Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate

Procedure that any appeal of this decision would not be taken in good faith.  No

reasonable person could suppose an appeal would have merit.  The record makes

plain the Complaint lacks arguable substance in law or fact.

5.  The Clerk of Court should be directed to have the docket reflect that this

dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Mr. Hill

failed to state a claim upon which relief may be granted.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Hill may file objections to these Findings and Recommendations within

fourteen (14) days after service (mailing) hereof.[2]  28 U.S.C. § 636.  Failure to

timely file written objections may bar a de novo determination by the district judge

and/or waive the right to appeal.

---

[2]Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Mr. Hill is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

This order is not immediately appealable to the Ninth Circuit Court of

Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed

until entry of the District Court's final judgment.

DATED this 26th day of January, 2018.


   */s/ John Johnston*
John Johnston
United States Magistrate Judge