

JUN 2 0 2018

Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| RICHARD HILL, SR., | CV 16–90–H–DLC–JTJ |
| Plaintiff, | |
| vs. | ORDER |
| DR. KOHUT, et. al., | |
| Defendants. | |

On January 26, 2018 Magistrate Judge John T. Johnston entered his

Findings and Recommendations, recommending that all of Plaintiff Richard

Junious Hill's ("Hill") claims be dismissed for failure to state a claim upon which

relief may be granted. (Doc. 13.) Hill timely objected (Doc. 15) and then filed a

Formal Request for Production Court Mandate (Doc. 16).[1] Hill's objection

entitles him to de novo review of those findings to which he specifically objects.

28 U.S.C. § 636(b)(1)(C). The Court reviews for clear error those findings and

---

[1] In his Motion filed on June 20, 2018, Hill explains that it has been almost
six months since Judge Johnston issued his Findings and Recommendations and
asks the Court to hurry its response. Hill's timing is serendipitous. Because the
Court's order is also dated June 20, 2018, Hill's motion is denied as moot.

-1-

recommendations to which no party objects. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted). Notwithstanding the above, "[w]here a petitioner's objections constitute perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [complaint], the applicable portions of the findings and recommendations will be reviewed for clear error." *Rosling v. Kirkegard*, 2014 WL 693315, at *3 (D. Mont. Feb. 21, 2014) (citations omitted).

Because the parties are familiar with the factual and procedural background detailed in Judge Johnston's Findings and Recommendations it will only be restated here as necessary to understand the Court's order. For the reasons stated below, the Court adopts Judge Johnston's recommendations in full.

## DISCUSSION

Under 28 U.S.C. § 1915, a court should dismiss a complaint filed in forma pauperis by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it "lacks an arguable basis either in law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   A complaint fails to state a claim upon which relief may be granted when it fails to allege the "grounds" entitling the plaintiff to relief.   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).   "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."   *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted); *see also* Fed. R. Civ. P. 8(e) ("Pleadings must be construed as to do justice.").

## I.     Excessive Force

Judge Johnston recommended dismissing Hill's claim of excessive use of force under the Eighth Amendment, finding that Hill alleged nothing more than negligence.   (Doc. 13 at 4.)   Hill objects and provides greater factual development for the incident.

To meet the standard required by the Eighth Amendment, a prisoner must show that a government employee used force "maliciously and sadistically" with the purpose to cause harm.   *Hudson v. McMillian*, 503 U.S. 1, 6 (1992).

Here, Hill alleges that Officer Rowling "deliberately disregarded plaintiffs

-3-

(sic) safety and security" by violating prison protocol which requires a guard to monitor the unit control cages. Hill opines that anyone who leaves their post in order to "grab a cup of coffee or a donut" violates the attentiveness required by the prison staff. He alleges that Officer Rowling's actions must amount to intentional acts designed to cause harm because "the officer was not even at the control panel when [Hill] was attempting to get her attention to open the door so he could get loose." (Doc. 15 at 10.)

Hill's argument alleges the factual basis for a classic negligence claim. While the Court is sympathetic to Hill's continued pain resulting from the incident, Hill has alleged no facts indicating "force . . . applied maliciously and sadistically for the purpose of causing harm." *Hudson*, 503 U.S. at 6.

Having reviewed the allegations de novo, the Court adopts Judge Johnston's recommendation and will dismiss this claim.

## II. Deliberate Indifference to Safety

Judge Johnston recommended dismissing Hill's complaint that prison officials were deliberately indifferent to his safety when they placed him in the top bunk. As Judge Johnston points out, Hill has not attributed the allegedly indifferent act to any single person. Because Hill does not object, the Court will review for clear error. Finding none, the Court affirms Judge Johnston's recommendation to dismiss.

## III. Denial of Medical Care

To state a claim for failure to provide medical care, a prisoner must allege that a defendant's "acts or omissions [were] sufficiently harmful to evidence a deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Judge Johnston screened Hill's Complaint (Doc. 2), and found that it lacked a sufficient factual basis. Judge Johnston found Hill's Amended Complaint (Doc. 12) similarly lacking. (Doc. 13 at 6.) Construing Hill's objections liberally, the Court will review each de novo.

### A. Cathy Redfern

Hill alleges that Ms. Redfern is liable as a supervisor. Hill acknowledges that in the prison context, liability requires that the supervisor "participated in or directed the violation or knew of the violations and failed to act to prevent them." (Doc. 15 at 5.) Specifically, Hill claims Ms. Redfern is liable because her staff has "routinely denied either the medical therapy or the pain medication that a medical professional in the community ordered." (*Id.*) These bare facts do not contain any indication that pain medication was withheld on the command or with the knowledge of Ms. Redfern.

### B. Dr. Kohut

As to Dr. Kohut, Hill asserts that the doctor was "directly involved" in denying Hill medical treatment but provides no greater detail. Instead, Hill raises

considerable legal objection.  (Doc. 15 at 5–6.)

Hill's legal observations—while true statements of the law—do not apply here.  Judge Johnston recommended dismissing Hill's Complaint because it lacked a sufficient factual basis, not because Hill failed to articulate correct legal standards.  Having alleged no greater detail than his previous Complaints (*see* Docs. 2 and 12), the Court determines that Hill has not cured the defect.

## C.    PA Henderson

Hill alleges that PA Henderson has disregarded his responsibility to pursue "all medical alternatives for the plaintiffs (sic) therapy and pursue some form of pain medication regime to address [Hill's] extreme discomfort."    (Doc. 15 at 9.) These allegations do not indicate a "deliberate indifference" to Hill's medical needs.   The Court is not persuaded that Hill has suffered "deliberate indifference" to his serious medical needs simply because there are treatment possibilities available to him that are not being pursued.

Having reviewed each of Hill's allegations de novo, the Court finds that the allegations against Ms. Redfern, Dr. Kohut, and PA Henderson fail in specificity. Thus, the Court will affirm Judge Johnston's recommendation to dismiss.

## IV.    Equal Protection

Judge Johnston found that Hill's equal protection claim should be dismissed because his allegation that he was discriminated against due to race or political

affiliation was nothing more than a "formulaic recital of the legal elements of a claim." (Doc. 13 at 7) (quoting *id.*). Hill's objection clarifies the legal nature of his claim. Rather than claiming the "garden variety" equal protection claim where a claimant argues that she was discriminated on the basis of suspect or quasi-suspect classification,[2] Hill claims that Dr. Kohut's failure to provide pain medication subjected him to discrimination as a class-of-one. (Doc. 15 at 7 (citing to *Thayer v. Chiczewski*, 705 F.3d 237 (7th Cir. 2012).) A class-of-one equal protection claim alleges that an individual has been singled out and treated differently from others who are similarly situated without a rational basis for the difference in treatment. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *see also Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 592 (9th Cir. 2008) (citing *Olech*, 528 U.S. at 564).

Hill's equal protection claim fares no better than his Eighth Amendment one. Hill has not stated any facts to indicate: (1) that he has received different treatment from other prisoners; or (2) that those receiving pain medication are similarly situated to him; or (3) that Dr. Kohut lacked a rational basis for a different treatment strategy.

---

[2] Quoting *United States v. Moore*, 543 F.3d 891, 896 (7th Cir. 2008); *see also e.g., Regents of Univ. of California v. Bakke*, 438 U.S. 265, 290–91 (1978) (treating race as a suspect classification); *Craig v. Boren*, 429 U.S. 190, 197 (1976) (treating gender as a quasi-suspect classification).

For these reasons, the Court will dismiss the claim.

## V.  State Law Claims

Judge Johnston recommends that the Court should decline to exercise supplemental jurisdiction over Hill's state law claims because the Court has dismissed all other claims.   (Doc. 13 at 7–8.)   While Hill asks the Court to construe his pleadings liberally, this does not suffice as proper grounds for an objection and thus the Court will review for clear error.   Finding none, the Court adopts the recommendation to dismiss Hill's remaining state law claims without prejudice.

## VI.  Motion to Continue

Hill asks the Court to allow him a 30-day extension to file his objections to Judge Johnston's Findings and Recommendations because he has limited access to the prison library.   (Doc. 14.)   Hill's objections were filed on February 23, 2018, and subsequently considered by this Court.   This renders Hill's Motion to Continue moot, and the Motion is denied.   Accordingly,

IT IS ORDERED that Judge Johnston's Findings and Recommendations (Doc. 13), are ADOPTED in full.

IT IS FURTHER ORDERED that:

1. Hill's Motion to Continue (Doc. 14) is DENIED as moot.

2. Hill's federal claims are DISMISSED for failure to state a federal claim

upon which relief may be granted.

3. Hill's Formal Request for Production Court Mandate (Doc. 16) is DENIED as moot.

4. The Court declines to exercise supplemental jurisdiction over any state law claims and all state law claims are DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1367(C)(3).

5. The Clerk of Court is directed to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

6. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.   No reasonable person could suppose an appeal would have merit.   The record makes plain the Complaint lacks arguable substance in law or fact.

7. The Clerk of Court is directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Hill has failed to state a claim upon which relief may be granted.

DATED this 20th day of June, 2018.

Dana L. Christensen, Chief Judge
United States District Court